IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARMEN ORTIZ RODRIGUEZ

Plaintiff

v.

BANCO POPULAR DE PUERTO RICO

Defendant

CIVIL NO. 98-1322 (JP)

Taxation of Costs

RECEIVED AND FILED
2003 SEP 17 PM 4:54
CLERK U.S. DISTRICT COURT
SAN JUAN, P.R.

## TAXATION OF COSTS

Before the Clerk in the above-captioned case is defendant Banco Popular de Puerto Rico's (hereinafter referred to as "BPPR") unopposed Verified Bill of Costs (Docket No. 44).

On December 2, 1998, a final judgment was entered dismissing the complaint filed in this case (Docket No. 43). As prevailing party, BPPR now seeks recovery of the following items of costs: (1) depositions costs - $1,311.75; (2) translation costs - $1,720.50; and (3) fees for exemplification and copies - $68.50.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

    (1)    Fees of the clerk and marshal;

    (2)    Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;



    (4)    Fees for exemplification and copies of papers necessarily obtained for use in the case;



Civil No. 98-1322 (JP)                                                                                              Page -2-

      (5)    Docket fees under section 1923 of this title;

      (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed the abovementioned bill of costs and the record, makes the following determinations.

**Deposition Costs.** BPPR seeks recovery of $1,311.75 for fees related to the deposition of plaintiff Carmen Ortiz. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I. 2000); Donnelly v. Rhode Island Board of Governors for Higher Education, 946 F. Supp. 147, 151 (D.R.I. 1996).

Civil No. 98-1322 (JP)                                                    Page -3-

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it... This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. Puerto Rico Ports Authority, 193 F.R.D. at 38 (quotations and citations omitted).

BPPR used portions of plaintiff's deposition in connection with its successful motion for summary judgement. Therefor, this expense is taxed as cost.

**Translation of Documents.** BPPR seeks recovery of $1,720.50 for the costs of translating into the English language documents attached to its motion for summary judgement. Local Rule 108.1 requires litigants to submit a certified translation of any document not in the English language to be used as evidence. Reasonable costs for the translation of documents to comply with Local Rule 108.1 will be allowed if the documents are shown to be relevant to the litigation. See, Puerto Rico Ports Authority, 193 F.R.D. at 38. It is the policy of the Clerk of the Court to allow the costs of English translations of documents which are filed with the District Court or presented as evidence at trial.

In the case at bar, BPPR failed to comply with the Court's guidelines. The invoice submitted to substantiate this expense is too imprecise to permit recovery. The same is not properly labeled with respect to this case and does not identify the documents translated. Therefor, the amount claimed as cost is hereby disallowed without prejudice.

**Fees for Exemplification and Copies.** BPPR seeks recovery of $68.50 for copies of documents. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial,

Civil No. 98-1322 (JP)                                                                          Page -4-

or attached as an exhibit to a pleading that has been filed and served upon the opposing party.  "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered."  Davis, 87 F. Supp. 2d at 88, citing Grady v. Bunzl Packaging Supply Co., 161 F.R.D. 477, 479 (N.D.Ga. 1995).  Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the convenience of a party, or obtained for counsel's own use, absent court authorization.  However, "[c]opies may be deemed necessary even if not used in the trial of the matter."  Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

BPPR claims that a total of 97 pages were attached to documents necessarily filed or introduced as evidence.  Also, BPPR claims that a total of 251 pages of copies of original documents filed with the Court were submitted to plaintiff.  Although BPPR failed to identify the documents copied, the Clerk finds that the totals stated above are reasonable, consistent with the nature of the case, as well as the number of documents filed and served.  Therefor, the recovery of $34.80 (348 x 10¢) for photocopying expenses is allowed.

BPPR also claims that a total of 337 pages were submitted to plaintiff during discovery proceedings.  Said party failed to identify which documents were copied and explain how the same were necessary for the maintenance of the action.  Thus, this expense is disallowed without prejudice.

Civil No. 98-1322 (JP)                                                                                          Page -5-

WHEREFORE, a total amount of $1,346.55 is taxed as costs to BPPR in the above-captioned case. BPPR shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

In San Juan, Puerto Rico, this 17th day of September, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk